UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| George W. Hall, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| vs. | ] |
| | ] |
| Ann Veneman, Secretary, The United States Department of Agriculture, | ] CV-04-CO-0971-W |
| | ] |
| Defendant. | |

MEMORANDUM OF OPINION

I.   Introduction.

Presently before the Court is a motion to dismiss (Doc. 4) filed by the Secretary of The United States Department of Agriculture, Ann Veneman ("Veneman"), as well as the responses of the plaintiff. Veneman challenges the Court's subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure as to all except one of Plaintiff's claims. Plaintiff, George W. Hall ("Hall"), appears pro se and argues that the Court has subject matter jurisdiction of all the claims he asserts in his complaint.

The issues raised therein have been fully briefed by the parties and are now ripe for decision. Upon due consideration, the motion to dismiss is due to be granted.

II.     Facts.

Hall is an African-American who has owned and operated a farm in Greene County, Alabama, since 1973.  On various occasions, Hall sought assistance from the United States Department of Agriculture ("USDA") in the form of loans.  In 1997, Hall joined a class action against the USDA pending in the United States District Court for the District of Columbia ("Pigford Class Action").  In 1999, Hall opted out of the Pigford Class Action and entered into an agreement ("settlement agreement") settling his claims against the USDA.

As part of the settlement agreement, Hall was to receive payment of a sum of money, the forgiveness of certain debt, and other non-monetary relief.  Hall contends in part that the USDA has failed to honor its commitment with regard to non-monetary relief specified in the settlement agreement.  In addition, Hall also claims that the USDA violated the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, and the Administrative

Procedure Act ("APA"), 5 U.S.C. §§ 701–706, in 1999, 2000, and 2001. On May 12, 2004, Hall filed the above-styled action in the United States District Court for the Northern District of Alabama.

III.   Standard.

Veneman has moved to dismiss for lack of subject matter jurisdiction. "[W]hen a defendant properly challenges subject matter jurisdiction under Rule 12(b)(1) the district court is free to independently weigh facts, and [must] 'satisfy itself as to the existence of its power to hear the case.'" *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003) *(quoting Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). The court may consider matters outside the pleadings in ruling on a motion under Rule 12(b)(1). *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir. 1991). However, the Eleventh Circuit has cautioned that if the facts necessary to sustain jurisdiction implicate the merits of the plaintiffs' cause of action, the court should "find that jurisdiction exists and deal with the [jurisdictional] objection as a direct attack on the merits of the plaintiff[s'] case." *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir.

1997). The burden of proof on a Rule 12(b)(1) motion is on the party averring jurisdiction. *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942).

IV.  Discussion.

Hall's claims against Veneman constitute "a suit against the Government over which the court, in the absence of consent, has no jurisdiction ." *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 688 (1949).  The Court will address Veneman's arguments as to each count of Hall's complaint separately.

A.  Count I.

Count I is couched as a request for a declaratory judgment pursuant to 28 U.S.C. § 2201.  The declaration sought by Hall is, in effect, that the USDA breached the settlement agreement.  "The Declaratory Judgment Act, 28 U.S.C. Secs. 2201, 2202, operates procedurally and merely enlarges the range of remedies available in cases over which the federal court already has jurisdiction." *El Paso Bldg. & Const. Trades Council v. El Paso Chapter Associated Gen. Contractors of Am.*, 376 F.2d 797, 799 (5th Cir. 1967) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)). Thus, Hall must demonstrate jurisdiction first, without relying on the

Declaratory Judgment Act.  *See Wendy's Intern., Inc. v. City of Birmingham*, 868 F.2d 433 (11th Cir. 1989).  Hall has failed to show any other source of subject matter jurisdiction over Count I.  Therefore, Count I must be dismissed.

    B.    Count II.

Count II states a claim for breach of the settlement agreement.  Hall asserts that because the settlement agreement settled claims arising under the ECOA and the APA, the Court has subject matter jurisdiction.  This is the same argument made by the plaintiff in *Shaffer v. Veneman*, 325 F. 3d 370 (D.C. Cir. 2003).  The analysis of the United States Court of Appeals, District of Columbia, is persuasive.  Rather than repeating the analysis, it is adopted to the extent it resolves this issue.  The Court of Federal Claims, pursuant to the Tucker Act, has the exclusive jurisdiction of Plaintiff's claim for the enforcement of the settlement agreement.  Count II is therefore due to be dismissed.

C.   Count III.

Veneman argues that the court lacks subject matter jurisdiction over two of the three claims made by Hall in Count III because of the applicable statute of limitations.[1]

> When the United States consents to be sued, the terms of its waiver of sovereign immunity define the extent of the court's jurisdiction. *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941). In particular, "[w]hen waiver legislation contains a statute of limitations, the limitations provision constitutes a condition on the waiver of sovereign immunity." *Block v. North Dakota*, 461 U.S. 273, 287, 103 S.Ct. 1811, 1819, 75 L.Ed.2d 840 (1983).

*U.S. v. Mottaz*, 476 U.S. 834, 841 (1986).

The Court must therefore consider the effect of the applicable statute of limitations on the Court's subject matter jurisdiction—bearing in mind that Hall has the burden of demonstrating subject matter jurisdiction. In Count III, Hall asserts ECOA claims involving three situations. The first is the

---

[1] Congress has provided that, "[n]o such action shall be brought later than two years from the date of the occurrence of the violation . . . ." 15 U.S.C.A. § 1691e (f).

"delayed processing of Mr. Hall's loan request in 1999," the second is "lack of proper assistance for a 2000 EL request," and the third is "denied loan restructuring for Year 2001 as a Financial Distress Current Borrower." (Compl. ¶ 34.)

With regard to the 1999 claim, Hall stated in his complaint that "[t]he USDA failed to provide the priority financial assistance as agreed to in the [settlement] agreement, by providing the loan proceeds late (August 1999) and at a markedly reduced amount than was requested." (Compl. ¶ 16.)  It is clear that the conduct made the subject of Hall's claim concerning the loan request in 1999, occurred in 1999, because he received the proceeds of the loan in August of 1999.  Two years from any date in 1999 is 2001.  Thus the court has no jurisdiction over the claim asserted in Count III dealing with the loan request in 1999.

The second claim Hall makes in Count III deals with a "2000 EL request."  It appears that all of the conduct complained of with regard to the "2000 EL request" occurred in the year 2000.  In addition, Hall explained in his "Memorandum: In Opposition to Defendant's Motion to Dismiss": on October 25, 2001, he filed an official complaint "in regard to loan and

servicing applications in 1999, 2000 and 2001—claims currently expressed in Count III of the instant civil Complaint." By this statement, Hall removes all doubt. The ECOA violation occurred prior to October 2001, if it occurred at all. The Court does not have jurisdiction over the "2000 EL request" claim set forth in Count III.

The Court will not address the third claim made in Count III because Veneman has not moved to dismiss it.

  D. Count IV.

In Count IV, Hall attempts to state a claim under the Administrative Procedure Act for the same occurrences he describes in Count III, plus the USDA's alleged wrongful reduction and delay of disaster payments in 1999 and 2000. Veneman argues that the Court lacks jurisdiction to consider the APA claim because (1) Hall had an "other adequate remedy" under the ECOA for his credit discrimination claims, (2) Hall received the disaster payments he sought and no other equitable relief is available, (3) the APA does not provide for monetary relief, and (4) Hall cannot disguise his breach of contract claims as APA claims by merely seeking declaratory and injunctive relief.

In order to bring a claim under the APA, a plaintiff must seek "relief other than money damages," 5 U.S.C. § 702, and the agency's action must be either (1) "reviewable by statute," or (2) a "final agency action for which there is no other adequate remedy in a court," *Id*. § 704.  First, the Court will address Hall's claims of credit discrimination and retaliation.  These claims include Hall's allegations of lack of proper assistance and delay with regard to the 1999 loan application, failure to assist and affirmative discouragement with regard to the year 2000 emergency loan request, and the delay and denial of his 2001 credit application.  The ECOA provides an adequate remedy for claims of discrimination against "any applicant, with respect to any aspect of a credit transaction."[2]  15 U.S.C. § 1691.  Thus, these credit discrimination claims cannot be pursued under the APA and are due to be dismissed.[3]

Hall's claims that his disaster payments were wrongfully reduced and delayed in 1999 and 2000, remain.  In his complaint, however, Hall admits

---

[2]The fact that the statute of limitations has expired for several of Hall's potential ECOA claims does not make the available remedy any less adequate for purposes of the ADA.

[3]The analysis of the District Court of the District of Columbia in *Wise v. Glickman*, 257 F. Supp. 2d 123, 127 (D.D.C. 2003) reinforces the Court's conclusion on this issue.

that the USDA reversed the decisions he currently disputes, "the crop yield was reestablished[,] and *payment [was] made*." (Compl. ¶ 18, emphasis added.) To the extent that Hall claims the USDA wrongfully reduced his payments in 1999 and 2000, therefore, there is no case or controversy before the court and the claim is moot. *See Harrison v. United Mine Workers of Am. 1974 Benefit Plan & Trust*, 941 F.2d 1190, 1193 (11th Cir. 1991).

Hall, however, still claims that these disaster payments were unreasonably delayed for over two years. Veneman claims that because payments have been made, no other equitable relief is available to Hall under the APA. A court can "compel agency action unlawfully withheld or unreasonably delayed," 5 U.S.C. § 706, but Hall concedes that payment has been made. (Compl. ¶ 18.) Hall does not specify any form of equitable relief that this Court can afford him under the APA. Because it is not clear to the Court that a case or controversy actually exists with regard to this claim, and it does not appear that the Court has the jurisdiction under the APA to afford any relief to Hall, this claim is dismissed without prejudice. If Mr. Hall can identify equitable relief that is available to him under the

APA with regard to this sole claim that the USDA unreasonably delayed his disaster payments in 1999 and 2000, he may refile a more specific complaint that states such relief assuming it is not barred by an applicable statute of limitation.

    E.    Claim Not Included Within a Count.

Although not included in any specific count, Hall also appears to allege that the USDA violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*[4] (Compl. ¶ 13.)  Veneman argues that this claim is invalid because no employer-employee relationship exists between Hall and the purported discriminators.  The Court agrees.  Hall is not an "employee" within the meaning of the Act, and that claim is dismissed.

V.    Conclusion.

By separate order, Defendant's motion to dismiss will be granted, except Plaintiff's APA claim that the USDA unreasonably delayed his disaster

---

[4]Hall cites the authority for his Title VII action as 42 U.S.C. § 1981.  To the extent that this citation asserts a claim under section 1981, that claim is also dismissed.  A "plaintiff cannot maintain a § 1981 claim against a federal defendant acting under color of federal law." *Lee v. Hughes*, 145 F.3d 1272, 1277 (11th Cir. 1998).

payments in 1999 and 2000 will be dismissed without prejudice and with leave to refile a more specific complaint.

Done this <u>15th </u>day of November 2004.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE