FILED
2006 Jan-31 PM 02:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| GEORGE W. HALL, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| vs. | ] |
| | ] CV-04-CO-0971-W |
| MIKE JOHANNS, Secretary, | ] |
| The United States Department | ] |
| of Agriculture, | ] |
| | ] |
| Defendant. | ] |

MEMORANDUM OF OPINION

I.  Introduction.

The Court has for its consideration motions for summary judgment filed by Defendant, Secretary of The United States Department of Agriculture Mike Johanns[1] (Doc. 69) and Plaintiff, George W. Hall (Doc. 71). Plaintiff filed a complaint on May 12, 2004, requesting a declaratory judgment pursuant to 28 U.S.C. § 2201 and asserting breach of contract,

---

[1]Plaintiff initially filed this action on May 12, 2004, against then Secretary of the United States Department of Agriculture ("USDA"), Ann Veneman. Subsequently, Mike Johanns became Secretary of the USDA. Under Fed. R. Civ. P. 25(d)(1), he is automatically substituted as a party defendant in this suit.

credit discrimination based on race and retaliation, and various claims under the Administrative Procedure Act. Following the Court's November 15, 2004, decision (Doc. 30) granting Defendant's motion to dismiss (Doc. 4), only Plaintiff's race discrimination and retaliation claims remain for resolution. As evident from Defendant's Memorandum in Support of his motion, (Doc. 69), Defendant moved for summary judgment under the assumption that Plaintiff's only remaining claim was that, in violation of the Equal Credit Opportunity Act ("ECOA"), Plaintiff was denied loan restructuring as a financially distressed borrower because of his race. As a result, by his motion (Doc. 69), Defendant moved for summary judgment solely on Plaintiff's claim of credit discrimination based on race, while Plaintiff, in his own motion for summary judgment, moved for summary judgment on Plaintiff's retaliatory discrimination claim. Plaintiff did not respond to Defendant's motion. Pursuant to *Pollock v. Birmingham Trust Nat. Bank*, 650 F.2d 807 (5th Cir. 1981), the Court may grant summary judgment in favor of the nonmovant. *Pollock*, 650 F.2d 807 (stating that a district court has the power under the Federal Rules of Civil Procedure to

grant summary judgment for a nonmoving party).[2] The issues raised in both motions have been briefed by both parties and are now ripe for decision. Upon full consideration, Defendant is due to be granted summary judgment on both claims.

II. Facts.[3]

Hall is an African American farmer who has owned and operated a farm in Greene County, Alabama, since 1973. On various occasions, Hall sought assistance from the United States Department of Agriculture ("USDA") in the form of loans. In 1997, Hall joined a class action against the USDA pending in the United States District Court for the District of Columbia ("Pigford Class Action"). In 1999, Hall opted out of the Pigford Class Action and entered into an agreement ("settlement agreement") settling his claims

---

[2]The Eleventh Circuit, in *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

[3]The facts set out in this opinion are gleaned from the parties' submissions of facts claimed to be undisputed, their respective responses to those submissions, the parties' Joint Status Report, and the Court's own examination of the evidentiary record. All reasonable doubts about the facts have been resolved in factor of the nonmoving party. *See Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002). These are the "facts" for summary judgment purposes only. They may not be the actual facts. *See Cox v. Adm'r U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994).

against the USDA. As part of the settlement agreement, Hall was to receive payment of a sum of money, the forgiveness of certain debt, and other non-monetary relief.

Subsequently, Hall applied for and received a loan to purchase farm irrigation equipment. Under the terms of the loan, Plaintiff owed an annual payment of $6,145 on August 1st of each year. The first installment matured on August 1, 2000.

Unable to pay the second installment in 2001, Plaintiff submitted an application to the Farm Service Agency (FSA) requesting loan restructuring as a financially distressed borrower. By letter dated August 28, 2001, the FSA requested from Plaintiff certain additional information that was necessary to complete Plaintiff's application. In particular, FSA requested "[a] legal description of [plaintiff's] owned farm, real estate property and/or copy of any lease, contract, agreement or option entered into by [him] or the entity which may be pertinent in the consideration of the application." The FSA also requested that Plaintiff provide documentation concerning his debts.

As of August 31, 2001, Plaintiff had neither made the $6,145 payment,

nor submitted the additional information requested by the FSA. As a result, according to Defendant, Plaintiff was properly determined to be a delinquent borrower.

During the week of September 2, 2001, FSA Loan Officer Gretchen Thomas visited Plaintiff's farm to assist him in completing his loan servicing application and to obtain the additional information requested in the FSA's August 28, 2001, letter. During this visit, Ms. Thomas informed Plaintiff that, as a delinquent borrower, he would be required to pledge additional collateral before his loan could be restructured. When Plaintiff refused, the FSA suspended consideration of Plaintiff's application. Ultimately, Plaintiff's application was reinstated, processed, and approved under the terms and interest applicable to delinquent borrowers.

III.   Standard.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment "always bears the initial

responsibility of informing the district court of the basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. In evaluating the arguments of the movant, the court must view the evidence in the light most favorable to the nonmoving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). "A factual dispute is genuine only if a 'reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real*

*Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

IV. Discussion.

The analysis for claims arising under the Equal Credit Opportunity Act ("ECOA") mirrors the analysis for Title VII. *Cooley v. Sterling Bank*, 280 F. Supp. 2d 1331 (M.D. Ala. 2003) (concluding that Title VII's analytical approach applies to ECOA discrimination claims).[4] A plaintiff may employ direct, circumstantial, or statistical evidence to prove intentional discrimination. *Standard v. ABEL Serv., Inc.,* 161 F.3d 1318, 1330 (11th Cir. 1998). Plaintiff has chosen to rely on circumstantial evidence in an effort

---

[4]The analysis of the Middle District is persuasive. Rather than repeating this analysis, it is adopted to the extent that it concludes that Title VII's analytical approach governs ECOA discrimination claims. *Cooley,* 280 F. Supp. at 1338 ("As for the Eleventh Circuit's stance on ECOA claims, the court notes that it has been unable to locate a case in which the Eleventh Circuit applied Title VII's framework to a claim brought pursuant to 15 U.S.C. § 1691(a). Nevertheless, this court concludes that Title VII's analytical approach applies to ECOA discrimination claims."); *See also Matthiesen v. Banc One Mortgage Corp.*, 173 F.3d 1242, 1246 (10th Cir. 1999) (affirming the district court's decision to analyze the plaintiff's ECOA claim in the same manner as discrimination claims brought under Title VII); *Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 386, 406 (6th Cir. 1998) (applying Title VII's framework to ECOA claim); *Moore v. United States Dep't of Agric.,* 55 F.3d 991, 995 (5th Cir. 1995) (stating that because the plaintiff produced direct evidence of discrimination in ECOA claim, the plaintiff could "bypass the *McDonnell Douglas* burden-shifting framework commonly applied in anti-discrimination cases"); *Mercado-Garcia v. Ponce Fed. Bank.*, 979 F.2d 890, 893 (1st Cir. 1992) (applying Title VII's framework to ECOA claim; *But see Latimore v. Citibank Fed. Sav. Bank*, 151 F.3d 712 (7th Cir. 1998) (rejecting the *McDonnell-Douglass* burden-shifting model for credit discrimination claims brought under the ECOA).

to prove his case. Claims based upon circumstantial evidence are reviewed by applying the three-step, burden-shifting analysis set out in the United States Supreme Court cases of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981).

Under the *McDonnell-Douglas/Burdine* framework, a plaintiff must first establish a *prima facie* case of discrimination. *Cooper* v. Southern Co. 390 F.3d 695, 724-25 (11th Cir. 2004) (citing *Reeves v. Sanderson Plumbing Prods., Inc.* 530 U.S. 133, 142 (2000)). Once the plaintiff has met the *prima facie* case requirement, the defendant must then "rebut by offering a legitimate, non-discriminatory reason for the allegedly discriminatory act." *Id*. This burden is "exceedingly light . . . . At this stage of the inquiry, the defendant need not persuade the court that its proffered reasons are legitimate; the defendant's burden is merely one of production, not proof." *Id*. at 725 (quoting *Perryman v. Johnson Prods. Co.*, 698 F.2d 1138, 1142 (11th Cir. 1983) (citation and internal quotation marks omitted)). Assuming the defendant successfully rebuts the plaintiff's claim, "the presumption of discrimination is eliminated," and the burden returns to the plaintiff to

produce evidence sufficient to permit a reasonable factfinder to conclude that the reasons for the adverse employment action as articulated by the employer were a mere pretext for discrimination. *Burdine*, 450 U.S. at 253 ("The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.") If the plaintiff fails to produce such evidence or fails to establish a *prima facie* case of racial discrimination altogether, the employer is entitled to summary judgment on the plaintiff's claim, assuming no other evidence of discrimination exists. *Cooper*, 390 F.3d at 725 (citing *Chapman v. AL Transp.*, 229 F.3d 1012, 1024-25 (11th Cir. 2000)).

A. Race Discrimination.

Although Mr. Hall alleges claims of credit discrimination based on race and retaliation in his complaint, Plaintiff failed to respond to Defendant's motion for summary judgment on Plaintiff's race discrimination claim or to include any facts or argument to support the race discrimination claim in Plaintiff's own motion for summary judgment.[5]

---

[5] To the extent that Defendant argues that Plaintiff's failure to respond to Defendant's motion in and of itself entitles the Defendant to summary judgment on Plaintiff's race discrimination claim, such argument is in error. The district court cannot

In opposing a motion for summary judgment, "a party may not rely on his pleadings to avoid judgment against him." *Ryan v. Int'l Union of Operating Eng'rs, Local* 675, 794 F.2d 641, 643 (11 Cir. 1986). There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment. *Blue Cross & Blue Shield v. Weitz*, 913 F.2d 1544, 1550 (11 Cir. 1990). Rather, the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned. *Road Sprinkler Fitters Local Union No. 669 v. Indep. Sprinkler Corp.*, 10 F.3d 1563, 1568 (11 Cir. 1994) (citations omitted).

Because Plaintiff has not produced any evidence to establish that he was denied loan servicing as a financially distressed borrower because of his race, Plaintiff's race discrimination claim is deemed abandoned, and, thus fails as a matter of law. Accordingly, summary judgment is due to be granted with respect to Plaintiff's race discrimination claim.[6]

---

base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion. *See Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir.1988) (per curiam)

[6]Even assuming, however, that Plaintiff had not abandoned his race discrimination claim, Plaintiff has nonetheless failed to establish a *prima facie* case because he has not

B.    Retaliation.

Plaintiff's only remaining claim is that in violation of the ECOA, he was "denied loan restructuring for Year 2001 as a Financial[ly] Distress[ed] Current Borrower . . . in retaliation for exercising his rights pursuant to the ECOA." (Doc. 1.) Defendant contends that Mr. Hall has failed to establish a *prima facie* case of discrimination because he is unable to show a causal link between his protected activity and the adverse action taken against him. Furthermore, Defendant avers that he has offered a legitimate, non-retaliatory reason for denying Plaintiff loan restructuring as a financially

---

identified a proper comparator. Under the *McDonnell Douglas/Burdine* analysis, Plaintiff must establish (1) that he is a member of a protected class; (2) that he applied for and was qualified for a loan from the defendant; (3) that the loan was rejected despite his qualifications; and (4) that the defendant continued to approve loans for applicants outside the protected class with similar qualifications. *Cooley v. Sterling Bank*, 280 F. Supp. 2d 1331, 1339 (M.D. Ala. 2003) (listing *prima facie* elements for credit discrimination); *Cooper*, 390 F.3d at 734-735 (citing *Miranda v. B&B Cash Grovercy Store, Inc.*, 975 F.2d 1518, 1528 (11th Cir. 1992) (compensation discrimination by gender); *MacPherson v. Univ. of Montevallo*, 922 F.2d 766, 774 (11th Cir. 1991) (compensation discrimination by age)). In connection with his retaliation claim, Plaintiff pointed to Clarence Outland as a proper comparator. While the record shows that Mr. Outland and Mr. Hall were, in fact, similarly-situated, Mr. Outland is also African American and thus is not outside the protected class. For this reason, Plaintiff would fail to establish a *prima facie* case of discrimination because he has not shown that similarly-situated *non-African-American* applicants were treated more favorably. Thus, summary judgment would be due to be granted with respect to Plaintiff's claim of discrimination based on race without the Court needing to examine whether Plaintiff was in fact eligible to receive loan restructuring as a financially distressed borrower.

distressed borrower. Defendant argues that Plaintiff cannot rebut the USDA's asserted reason for denying Plaintiff loan restructuring or produce evidence sufficient to establish that the USDA was motivated by discriminatory animus.

        1.    *Prima Facie* Case.

To establish a claim of discrimination based upon retaliation, Plaintiff must show: (1) that he engaged in a protected activity; (2) that he suffered an adverse credit action; and (3) that there was a causal link between the protected activity and the adverse action. *Maniccia v. Brown*, 171 F.3d 1364, 1369 (11th Cir. 1999) (citing *Little v. United Techs*, 103 F.3d 956, 959 (11th Cir. 1997)). Defendant does not challenge the fact that Mr. Hall's earlier involvement in the Pigford Class Action constitutes a protected activity or the fact that Mr. Hall suffered an adverse action when he was denied loan restructuring as a financially distressed borrower. Defendant, however, contends that Plaintiff cannot establish a causal connection between Plaintiff's earlier involvement in the Pigford Class Action, *Pigford* v. *Glickman*, No. 97-1978 PLF (D.D.C.), which was resolved in April 1999 when Plaintiff opted out of the suit and entered into a settlement agreement,

*P*igford v. *Glickman,* 185 F.R.D. 82 (D.D.C. 1999), *aff'd* 206 F.3d 1212 (D.C. Cir. 2001), and the USDA's decision to process Plaintiff's request for loan servicing as a delinquent borrower in 2001.

To establish a causal connection between participation in a protected activity and adverse employment action, "a plaintiff need only show that the protected activity and the adverse action were not wholly unrelated." *Brungart v. BellSouth Telecomms., Inc.,* 231 F.3d 791, 799 (11th Cir. 2000) (quotations omitted). To make this showing, a plaintiff must generally establish "that the decision maker was aware of the protected conduct at the time of the adverse employment action." *Id.* Close temporal proximity between the employee's protected conduct and the adverse employment action may be sufficient to create a genuine issue of material fact of a causal connection. *Id.* In such cases, however, "the temporal proximity must be very close." *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (internal quotations omitted). "Action taken [in the distant future] suggests, by itself, no causality at all." *Id.*

Here, Hall has not shown sufficient temporal proximity between his involvement in the Pigford Class Action and the processing of his servicing

request to establish causation. Hall opted out of the Pigford Class Action in 1999, but was not denied loan restructuring as a financially distressed borrower until August 2001. The two-year period between these two events is not so close as to establish the necessary temporal proximity. *See Clark County*, 532 U.S. at 273 (relying on cases that held a three-month period and a four-month period insufficient in holding a 20-month period insufficient to suggest causality). Because the two-year period between Hall's involvement in the Pigford Class Action and the denial of Plaintiff's loan application fall outside the parameters for suggesting causation, and Plaintiff has failed to assert any additional evidence to establish a causal link, Plaintiff has not met the *prima facie* requirement under the *Maniccia* framework.

   2.  Legitimate Non-Discriminatory Reason.

Even if the plaintiff had shown a *prima facie* case, thereby raising the presumption of discrimination, Plaintiff has not rebutted the defendant's non-discriminatory reason for denying Plaintiff loan restructuring as a financially distressed borrower. *E.E.O.C v. Total Sys. Services, Inc.*, 221 F.3d 1171 (11th Cir. 2000); *Hairston v. Gainesville Sun Publishing Co.*, 9 F.3d 913, 919 (11th Cir. 1993) ("The burden of proof in Title VII retaliation cases is

governed by the framework established in *McDonnell-Douglas v. Green*, 411 U.S. 792, 793 (1973)."), *reh'g denied and reh'g en banc denied*, 16 F.3d 1233 (11th Cir. 1994). Under the *McDonnell Douglas/Burdine* framework, once the Court finds that a plaintiff has established his or her *prima facie* case, the burden shifts to the defendant to provide legitimate, non-discriminatory reasons for making the adverse decision. *McDonnell Douglas*, 411 U.S. at 802. If the employer satisfies that burden by articulating one or more such reasons, then the presumption of discrimination falls and the burden of production again shifts to the plaintiff to offer evidence sufficient for a reasonable jury to conclude that the employer's supposedly legitimate reason is merely a pretext for illegal discrimination. Defendant here argues that Plaintiff was denied servicing as a financially-distressed borrower because he was delinquent on his loan payments, and, thus, ineligible to receive such servicing under the applicable regulations. Even assuming that Plaintiff had demonstrated a causal connection between the denial of his loan servicing request and his involvement in the Pigford suit, Plaintiff has not offered "'significant probative' evidence on the issue [of pretext] to avoid summary judgment." *Mayfield v. Patterson Pump Co.*, 101 F.3d 1371,

1376 (11th Cir. 1996). Specifically, Plaintiff has not established that the legitimate reason advanced by the Defendant for denying Plaintiff loan restructuring as a financially distressed borrower is really a pretext for discrimination.[7]

Because Plaintiff cannot establish either a *prima facie* case of discrimination or pretext, Defendant is entitled to summary judgment on Plaintiff's retaliation discrimination claim pursuant to *Pollock*, 650 F.2d 807.

V. Conclusion.

For the reasons stated above, Defendant is due to be granted summary judgment on both remaining claims. A separate order in conformity with this opinion will be entered.

---

[7] As discussed in the text, the two-year period between Hall's involvement in the Pigford Suit and the denial of Hall's loan application is insufficient to suggest causality. Moreover, Defendant pointed to evidence explaining that Plaintiff was denied servicing as a financially distressed borrower because he was delinquent on his loan payments, and Plaintiff has not shown that this reason is pretextual.

Done this <u>31st</u> day of <u>January 2006</u>.

                                                */s/ L. Scott Coogler*
                                                L. SCOTT COOGLER
                                        UNITED STATES DISTRICT JUDGE
                                                              124153